

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 26, 1977

Honorable Wilson E. Speir
Director
Texas Department of Public Safety
5805 North Lamar Blvd.
Austin, Texas 78773

Opinion No. H- 1027

Re: Whether commissioned
officers of the Department
of Public Safety must take
the constitutional oath of
office, and the effect thereof
on applicants referred by
private employment agents.

Dear Col. Speir:

You have asked our opinion whether law enforcement of-
ficers commissioned by the Department of Public Safety must
take the oath of office prescribed by article 16, section 1
of the Constitution and, if so, whether the oath may legiti-
mately be taken by an officer who was referred by a private
employment agency and pays that agency a placement fee.
Article 16, section 1 of the Constitution provides in per-
tinent part:

> The Secretary of State, and all other
> appointed officers, before they enter
> upon the duties of their offices, shall
> take the following Oath or Affirmation:
>
> "I, _____, do solemnly swear (or affirm),
> that I will faithfully execute the duties
> of the office of _____ of the State of
> Texas, and will to the best of my ability
> preserve, protect, and defend the Consti-
> tution and laws of the United States and
> of this State; and I furthermore solemnly
> swear (or affirm), that I have not directly
> nor indirectly paid, offered, or promised
> to pay, contributed, nor promised to con-
> tribute any money, or valuable thing, or
> promised any public office or employment,
> as a reward to secure my appointment or
> the confirmation thereof. So help me God."

Thus, all appointed "officers" are required to take the constitutional oath.   Rangers and officers commissioned by the Director of the Department of Public Safety are specifically designated as "peace officers" by article 2.12 of the Code of Criminal Procedure.   Policemen have been described by the Supreme Court of Texas as "public officers," Sawyer v. City of San Antonio, 234 S.W.2d 398, 401 (Tex. 1950).   We have also concluded that "a policeman occupies a civil office." Letter Advisory No. 63 (1973) at 2.   We believe that officers commissioned by the Department of Public Safety likewise hold a "public office" and a "civil office" and must, therefore, take the constitutional oath of office before entering upon their duties.   Indeed, officers of the Highway Patrol Division of the Department of Public Safety are statutorily required to take the oath.   V.T.C.S. art. 6701d-11, § 16.   See V.T.C.S. art. 4413(12).

Your second question asks if an applicant who pays a fee to an employment agency for an employment referral resulting in his appointment as an officer can legitimately take the portion of the oath swearing or affirming that he has "not directly or indirectly paid, offered, or promised to pay . . . any money, or valuable thing . . . as a reward to secure my appointment. . . ."   You note that the Department has, in its efforts to recruit minority applicants, found some applicants through private employment agencies.   If the employment agency's referral results in employment for its client, the client is contractually obligated to pay the agency a fee.

We note that a private employment agency may "procure employment for employees or procures or attempts to procure employees for employers. . . ."   V.T.C.S. art. 5221a-6, § 1(e).   An employment agency may, then, act either as the agent for a prospective employee seeking a position or as the agent for an employer seeking qualified employees.   See Attorney General Opinion H-699 (1975).

We believe the answer to the second part of your question will necessarily depend upon the role played by an employment agency in your appointment of officers.   The constitutional oath is designed to promote the selection of appointees on the basis of merit only, and to assure that no officer has purchased his position by promises of direct or indirect reward to those responsible for his selection.   See State ex rel Clements v. Humphries, 12 S.W. 99 (Tex. 1889). Whether a prospective appointee violates the oath by paying

a fee to an employment agency will, therefore, depend upon whether the agency is in part responsible for his selection. If an employment agency acts as the agent of the Department of Public Safety in soliciting, screening or testing applicants, and is paid by the applicant for an ultimate referral, we think it clear that the purpose of the constitutional oath would be violated.

When an employment agency does not act for or on behalf of the Department, however, but merely acts as the agent of an applicant by notifying him of employment opportunities, we do not believe the fee paid the agency in such a case would be a direct or indirect reward to secure appointment within the prohibition of article 16, section 1 of the Constitution. The fee paid the agency in such a situation is not paid to the Department or any private individual responsible for the officer's appointment. So long as the employment agency plays no role in the Department's process of selecting new officers, payment of a normal referral fee to an employment agency is not the type of evil the Constitution seeks to prevent.

## S U M M A R Y

Commissioned law enforcement officers of the Department of Public Safety are "appointed officers" required to take the oath of office prescribed by article 16, section 1 of the Texas Constitution. Whether a fee paid by a prospective appointee to a private employment agency constitutes a reward paid to secure the appointment depends upon whether the employment agency plays any role in the Department's process of selecting new officers.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

Honorable Wilson E. Speir - Page 4   (H-1027)

C. ROBERT HEATH, Chairman
Opinion Committee

klw